Linda INGRAM, Individually and as Surviving Spouse of Rick Ingram, Deceased, Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORPORATION, Defendant.

No. CIV–05–913–L.

United States District Court, W.D. Oklahoma.

Decided June 19, 2012.

Order Clarifying on Grant of Reconsideration in Part June 29, 2012.

Robert G. Germany, Pittman Germany Roberts & Welsh LLP, Jackson, MS, Jeffrey W. Hightower, Jr., Law Office of Windle Turley PC, Dallas, TX, John M. Merritt, Merritt & Associates PC, Shannon C. Haupt, Leonard & Associates PLLC, Oklahoma City, OK, Michael M. Blue, Blue Law, Edmond, OK, for Plaintiff.

Kirby T. Griffis, William J. Cople, III, Donald W. Fowler, Joe G. Hollingsworth, Katharine R. Latimer, Robert E. Johnston, Hollingsworth LLP, Washington, DC, Richard M. Eldridge, Thomas E. Steichen, Vani R. Singhal, McAfee & Taft, Tulsa, OK, for Defendant.

### *ORDER*

TIM LEONARD, District Judge.

This matter is before the court on Defendant's Motion to Compel Disclosure of Expert Witnesses **[Doc. No. 69]**. Defendant asserts that plaintiff's March 15, 2012 disclosures are deficient because they fail to identify with specificity the opinions to be offered *in this case*. Plaintiff filed its Opposition to the motion, which the court has carefully considered. Based upon the court's review of plaintiff's designation of expert witnesses and the provisions of Fed. R. Civ.P. 26(a)(2) concerning the disclosure of expert testimony, the court concludes that defendant's motion must be granted.

Rule 26(a)(2)(B)(i) provides:

(a)(2) *Disclosure of Expert Testimony.*

\* \* \*

(B) *Witness Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them; . . . .

Defendant does not generally object to plaintiff incorporating by reference the expert reports that were previously filed during the time that this lawsuit, and many others, were proceeding in a multi-district litigation ("MDL") in the Middle District of Tennessee. However, defendant does object in that Plaintiff's Designation of Expert Witnesses filed in this case [Doc. No. 63] goes beyond the expert reports served in the MDL.

In addition to the previous expert report served in the MDL, plaintiff's designation attempts to include for Dr. Marx "his multiple depositions in the MDL, his reports in this case, his deposition in this case and his trial testimony in other Aredia and/or Zometa cases." For Dr. Parisian, plaintiff's designation adds to the expert reports served in the MDL by including "her multiple depositions in the MDL, in *Daubert* hearing testimony in other Aredia and/or Zometa cases and her trial testimony in other Aredia and/or Zometa cases." For Dr. Ray, plaintiff's designation states that his "expected testimony is set forth in the reports served in the MDL and/or New Jersey Mass Tort proceeding, his depositions in the MDL, his *de bene esse* deposition in *Fussman v. Novartis Pharms. Corp.* and his trial testimony in other Aredia and/or Zometa cases."

As for Mr. Ingram's treating physicians, Drs. Miner, Fay, Harlan, and Hussein, plaintiff's designation provides that each is expected to testify "in accordance with" his or her medical records and deposition in this case. No further statement of the expected testimony is provided. Defendant argues that the disclosures of these non-retained experts are inadequate because they do not adequately identify what testimony will be offered at the trial in this case.

■ While the court agrees that there may be some logical and practical appeal to plaintiff's mere incorporation of these experts' previous reports or testimony in other venues, the court ultimately concludes that this practice fails to comply with Rule 26's clear terms requiring written disclosures of expert testimony. For retained experts, the written report itself must contain, among other things, a complete statement of all opinions the witness will express and the

basis and reasons for them. The court finds that reference to other testimony, without providing the complete statement of opinions and basis therefor in a self-contained document is not only insufficient under Rule 26, but is unworkable. The court is not aware of any local practice that would replace this clear requirement of a written report for retained experts, particularly over another party's objection. In considering this matter, the court agrees with defendant that to allow such a broad designation would require not only the defendant, but also potentially the court, to review and evaluate the previous trial, deposition, and hearing transcripts involving these witnesses in an attempt to learn the basis of the testimony of the named witnesses to see if it conforms to their testimony in this case.[1] However, the burden of designation is on the plaintiff, not the defendant or the court.

■ Regarding the non-retained experts, Rule 26(a)(2)(C) provides expert witnesses who are not required to give written reports must nevertheless provide disclosures which must include the subject matter on which the witness is expected to present evidence. The disclosure must also state a summary of the facts and opinions to which the witness is expected to testify. Again, mere reference to unspecified testimony is insufficient under this standard. Therefore, the court also finds that it would be appropriate for plaintiff to provide a proper disclosure of the expected testimony, in this case, of Mr. Ingram's treating doctors, dentists or oral surgeons.

Accordingly, Defendant's Motion to Compel Disclosure of Expert Witnesses [**Doc. No. 69**] should be and is hereby **GRANTED.** Plaintiff is ordered to submit updated retained expert reports in compliance with Rule 26(a)(2)(B). Plaintiff is also ordered to submit a disclosure regarding the expected subject matter of each of the non-retained expert's testimony in this case and a summary of the facts and opinions to which the witness is expected to testify in compliance with Rule 26(a)(2)(C). Plaintiff's amended

designations shall be filed no later than July 3, 2012.

### ORDER ON RECONSIDERATION

This matter is before the court on Plaintiff's Motion to Reconsider or Clarify Order (Doc. 103) and for Additional Relief [**Doc. No. 111**] (the "Motion") and defendant Novartis' opposition thereto. The subject of the Motion is the court's June 19, 2012 order (the "Order") which granted defendant's Motion to Compel Disclosure of Expert Witnesses and, as more fully stated in the Order, required plaintiff to prepare and provide expert witness designations and written reports, *in this case,* in compliance with Fed.R.Civ.P. 26(a)(2). The court has also reviewed plaintiff's reply brief.

Initially, the court notes that the plaintiff does not seek reconsideration or clarification of the Order as it relates to her non-retained experts. Plaintiff does however request an extension until July 6, 2012 to comply, which request will be granted.

As for plaintiff's request for reconsideration or clarification of the Order with regard to plaintiff's retained experts, the court finds that plaintiff's motion is based on an overly-expansive interpretation of the rather limited and fairly straightforward terms of the Order itself. The court does not see how the Order could reasonably be interpreted as a "command to issue new case wide reports" in the multi-district litigation ("MDL") court, as stated in the Motion. The court's Order clearly pertains to *this case,* as shown not only by the court's frequent use of the term "in this case" throughout the five-page Order, but also by the court's granting of defendant's Motion to Compel Disclosure of Expert Witnesses which, as described in the first paragraph of the Order, asserted that plaintiff's expert disclosures "are deficient because they fail to identify with specificity the opinions to be offered *in this case.*" Doc. No. 103, p. 1 (emphasis in Order).

It is also clear from the Order that plaintiff's expert witness disclosures in this case may incorporate by reference, without objec-

---

**1.** At several points, plaintiff's response brief offers to furnish the pertinent transcripts of the testimony for the court to review.

tion by the defendant, the expert witness reports that were previously served in the MDL. To the extent the Order could be interpreted as requiring an "update" of the expert witness reports actually previously served in the MDL, **the Order is hereby clarified to provide that an update of the expert witness reports previously served in the MDL is not required, since the incorporation by reference of these reports is permissible in this case.**

However, the Order clearly does not allow the mere citation to other materials, such as previous expert witness testimony in other venues,[1] since the court specifically stated that "this practice fails to comply with Rule 26's clear terms requiring written disclosures of expert testimony." Order, p. 3. The Order also provides on page 3:

> For retained experts, the written report itself must contain, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them. The court finds that reference to other testimony, without providing the complete statement of opinions and basis therefor in a self-contained document is not only insufficient under Rule 26, but is unworkable.

This language needs no further clarification. Plaintiffs current request to submit page and line designations of prior testimony is also insufficient under the requirements of Rule 26. Plaintiff has not provided the court with a valid basis for avoiding the requirements of Rule 26 concerning retained expert reports, and the interests of all parties and the court are served by requiring plaintiff to comply with its provisions in this case.

Accordingly, Plaintiff's Motion to Reconsider or Clarify Order (Doc. 103) and for Additional Relief [**Doc. No. 111**] is **GRANTED in part as specifically set forth in the clarification above, but in all other respects is DENIED.** Plaintiff is granted until July 6, 2012 to supplement the non-retained expert disclosures in accordance with Rule 26(a)(2)(C). Plaintiff is granted until July 13, 2012 to submit supplemental retained expert

disclosures in compliance with Rule 26(a)(2)(B).

---

1. These other materials are fully described at pp. 2–3 of the Order.